**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | **)** | |
| **UNITED STATES of AMERICA,** | **)** | |
| | **)** | **Crim. Action No.** |
| **v.** | **)** | **23-10200-FDS-1** |
| | **)** | |
| **SARY RATH,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |
| | **)** | |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR**
**COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582**

**SAYLOR, J.**

This is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  On

July 26, 2023, a federal grand jury returned an indictment charging Sary Rath with two counts:

(1) distribution of and possession with intent to distribute 500 grams and more of

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); and (2) distribution

of and possession with intent to distribute 400 grams and more of fentanyl, in violation of 21

U.S.C. §§ 841(a)(1) and (b)(1)(A)(vi).  On October 2, 2024, he pleaded guilty to both counts.  He

was sentenced on February 13, 2025, to a term of 135 months imprisonment and five years of

supervised release.  He is currently incarcerated at FCI-Danbury.

On March 6, 2026, Rath filed a *pro se* motion for compassionate release under 18 U.S.C.

§ 3582(c).  The government filed an opposition brief on March 20, 2026, and a supplemental

opposition brief on April 1, 2026. For the following reasons, the motion will be denied.

A federal court generally "may not modify a term of imprisonment once it has been

imposed."  18 U.S.C. § 3582(c).  A court may reduce a term of imprisonment for, among other

things, "extraordinary and compelling reasons," but only upon a motion by the Director of the

Bureau of Prisons or by a defendant who has exhausted his administrative remedies. *Id.* § 3582(c)(1)(A). To exhaust those remedies, a defendant must request that the warden of his Bureau of Prisons institution file a motion on his behalf to reduce his sentence, and then either (1) have that request be denied and exhaust the appeals processes of the Bureau of Prisons; or (2) wait until 30 days have passed since that request was received. *Id.*

Here, it appears that defendant exhausted his administrative remedies. On December 31, 2025, he filed an "Inmate Request for Compassionate Release Consideration" form. (Dkt. No. 133-1). The warden of FCI-Danbury denied the request, and more than 30 days have passed since his request was received. The court therefore has jurisdiction to consider his request. (*Id.* Ex. 2). *See* 18 U.S.C. § 3582(c)(1)(A).[1]

A court may reduce a term of imprisonment if, after considering the sentencing factors set forth in 18 U.S.C. § 3553, it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). "Extraordinary and compelling reasons" include medical condition, age, family circumstances, victim of abuse, unusually long sentence, or other reasons as determined by the Bureau of Prisons. U.S. Sent'g Guidelines Manual § 1B1.13(b) (U.S. Sent'g Comm'n 2025) [hereinafter U.S.S.G. § 1B1.13(b)].

Defendant has presently served approximately 24 months of a 135-month sentence, including time in pretrial detention. He contends that several "extraordinary and compelling" reasons to reduce his sentence exist, including: (1) sentencing disparities in methamphetamine cases due to drug purity issues; (2) the difference between his sentence and that of his co-defendant; (3) his rehabilitation efforts, (4) his family circumstances; (5) the nature of his

---

[1] In its supplemental opposition, the government conceded that "[d]efendant fully exhausted his administrative remedies." (Gov't's Suppl. Opp'n 2).

offense; (6) the time already served in relation to the mandatory minimum, and (7) the § 3553(a) factors as they relate to him.  Considered separately or together, none of these reasons warrant a sentence reduction.

First, defendant contends that his family circumstances warrant a lower sentence.  In particular, his youngest daughter, who is four years old, suffers from several medical conditions. (Def.'s Mot. 22, Dkt. No. 131).  Family circumstances can sometimes amount to an extraordinary and compelling reason for compassionate release.  U.S.S.G. § 1B1.13(b)(3). Courts have granted release when, for example, "it can be shown that family members, including minor children, are in dire need of a defendant's caregiving, and other family members are afflicted by incapacitating, life-threatening illnesses."  *United States v. Seals*, 509 F. Supp. 3d 259, 263 (E.D. Pa. 2020).  However, the illness of a family member does not generally rise to the level of an "extraordinary and compelling" reason.  *See United States v. Nunez*, 2020 WL 5203429, at *3 (E.D. Cal. Sept. 1, 2020); *see also Acuna v. United States*, 2020 WL 2857492, at *3 (D. Haw. June 2, 2020) (denying sentence reduction, in part, because defendant's time away from his children—while his wife was also incarcerated—was not "extraordinary and compelling" where children's grandparents could care for them).  Defendant cites *United States v. Hansen*, 2020 WL 2219068, at *2 (N.D. Ill. May 7, 2020), as an example of a court granting compassionate release despite there being other family members who could care for defendant's family.  However, in that case, it was only "the government's contention" that other family members could care for the family member, and the court deemed that contention "speculative." *Hansen*, 2020 WL 2219068, at *2.

Here, it is clear that defendant's incarceration places a greater burden on his wife to care for their daughter, especially because of her medical circumstances.  (Def.'s Mot. 24).

Defendant does not contend, however, that his wife is incapacitated or otherwise incapable of caring for their child.  Under the circumstances, defendant's family medical issue is not an "extraordinary and compelling" reason to grant compassionate release under § 1B1.13(b)(3).

Next, defendant asserts that the substantial disparity in sentencing for methamphetamine cases based on drug purity is an extraordinary and compelling reason in support of his release. (Def.'s Mot. 4).  Section 1B1.13(b)(5) permits a court to consider "other reasons" than those enumerated in § 1B1.13(b)(1)-(4), as long as they are similar in gravity to the enumerated subsections, to determine if an extraordinary and compelling reason exists.  U.S.S.G. § 1B1.13(b)(5).  Subsections (1) through (4) all concern the personal circumstances of the defendant (his medical circumstances, his family circumstances, his age, and whether he was a victim of abuse).  Defendant's proposed reason, however, concerns a legal argument about how he should have been sentenced.  Accordingly, it is not "similar in gravity" to the enumerated reasons, and is not an extraordinary and compelling reason under § 1B1.13(b)(5).

Defendant similarly cannot satisfy the requirements of Section 1B1.13(b)(6), because that subsection applies only after a defendant "has served at least 10 years of the term."  U.S.S.G. § 1B1.13(b)(6).  He further points to the Sentencing Commission's proposed 2026 amendment to the Guidelines, which would eliminate considering methamphetamine purity in sentencing, because purity no longer serves as a proxy for defendants' position in the criminal enterprise of drug distribution. (Def.'s Mot. 8, 11-12).  Some courts have imposed lower sentences because they disagree with the Sentencing Commission's current treatment of methamphetamine purity in the guidelines.  *See United States v. Moreno*, 583 F. Supp. 3d 739, 741 (W.D. Va. 2019); *United States v. Pereda*, 2019 WL 463027, at *4 (D. Colo. Feb. 6, 2019).  Nonetheless, the

4

proposed amendment does not create any extraordinary and compelling reason warranting defendant's release.

Furthermore, and in any event, the Court agrees with the government that drug purity did not play a meaningful role at defendant's sentencing. (Gov't's Opp'n 10). The base offense level in this case was 32, based on Probation's calculation of the drug weight conversion factor for "methamphetamine," not "methamphetamine (actual)" or "ice" in the PSR. (Sentencing Hr'g 23; Gov't's Opp'n 10). The Court considered defendant's leadership and managerial role, rather than the purity of the drug, in imposing a sentence on the higher end of the range. (Sentencing Hr'g 21). Any sentencing disparity based on methamphetamine purity did not contribute significantly to defendant's sentence and therefore does not constitute an "extraordinary and compelling" reason counseling in favor of release.

Next, defendant asserts that the disparity between his sentence and his co-defendant's provides another reason for compassionate release. (Def.'s Mot. 17). As an initial matter, the Court doubts that sentencing disparities among co-defendants can ever constitute an "extraordinary and compelling reason" warranting compassionate release. *See United States v. Veloz*, 2025 WL 1770847, at \*1 (D. Mass. June 26, 2025) (recognizing that "disparities between a defendant's sentence and the sentences received by codefendants [do not] qualify" as extraordinary and compelling). And even if they could, a defendant is "not entitled to a lighter sentence merely because" his co-defendant received a lighter sentence. *United States v. Davila-Gonzalez*, 595 F.3d 42, 50 (1st Cir. 2010) (quoting *United States v. Wallace*, 573 F.3d 82, 97 (1st Cir. 2009)). Here, defendant had a managerial role in the criminal enterprise; the co-defendant in this case, who received a lower sentence, did not. (Sentencing Hr'g 21). The difference in

sentences between defendant and his co-defendant is therefore not a reason for compassionate release.

Next, defendant contends that his rehabilitation efforts, combined with the other factors discussed, prove that he has accepted responsibility for his criminal actions and that he is committed to living a law-abiding life. (Def.'s Mot. 17, 21). Under § 1B1.13(d) of the Guidelines, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement," though it "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." U.S.S.G. § 1B1.13(d). While the Court encourages defendant to continue on his current path, rehabilitation alone does not warrant release. *See United States v. Ortiz-Alcantara*, 2026 WL 92340, at *2 (D. Mass. Jan. 13, 2026).

Finally, the sentencing factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant, also weigh against release. Defendant's conduct was dangerous, and warranted a lengthy sentence. It involved serious drugs, including the sale of large quantities of counterfeit Adderall pills and fentanyl, both of which are highly destructive drugs. (Sentencing Hr'g 43). A sentence reduction would neither provide adequate deterrence nor protect the public from further crimes of the defendant. When determining a sentence, the Court also considered defendant's history of continuous criminal activity, and the Court is far from convinced that defendant no longer poses any danger to the community. (*Id.* at 47). Any sentence reduction at this time would fail to both reflect the seriousness of his offense and to adequately deter defendant's criminal conduct.

For the foregoing reasons, defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

6

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  July 10, 2026                                     United States District Judge